HARRY A. SMITH AND ETHEL G. MEINEL, EXECUTORS, ESTATE OF EDWARD MEINEL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3098    Promulgated February 28, 1927.

Value of an estate by the entirety excluded from the gross estate of decedent on authority of *Estate of Charles I. Hudson,* 5 B. T. A. 711.

*Leo. B. Kagan, Esq.,* for the petitioners.
*R. E. Copes, Esq.,* for the respondent.

Proceeding for the redetermination of a deficiency in estate taxes under the provisions of the Revenue Act of 1921, determined by the Commissioner in the amount of $4,433.38.

### FINDINGS OF FACT.

Edward Meinel, the decedent, was, at the time of his death, a resident of the Village of Bronxville, County of Westchester, New York. He died February 12, 1922. The petitioners were appointed executors of his estate and duly qualified as such. Ethel Grace Meinel is the widow of the decedent.

By deeds dated July 24, 1913, and November 23, 1914, one Luther D. Garrett conveyed to Edward Meinel and Ethel Grace Meinel, his wife, as tenants by the entirety, various parcels of real estate located in Bronxville, Westchester County, New York. These parcels of real estate are identified and described as follows:

Improved real property at Bronxville, Eastchester Township, Westchester County, New York, known as Plots Nos. 3, 3-B and 3-C, Section 9, and portion of Plots Nos. 3-A, and 2-B on map made by Rogers and Lattimer, C. E. filed in the office of Westchester County Register's office as map No. 1923, improved with a hollow tile stuccoed residence and garage.

The deed dated July 24, 1913, was recorded on July 30, 1913, in Deed Book 2027, page 321. The deed dated November 23, 1914, was recorded on November 24, 1914, in Deed Book 2070, page 184.

The ownership of the decedent and his wife as tenants by the entirety continued until the death of Edward Meinel on February 12, 1922.

In making return for estate tax purposes on February 6, 1923, the executors set out the purchase of the foregoing realty and valued the same at $70,000. The value of this property, however, was not included as a part of the gross estate of the decedent. The Commissioner determined the value of the said realty to be $75,000 and included that amount in his determination of the value of the gross estate of decedent. As a result of such inclusion, the Commissioner found a deficiency in estate tax in the amount of $4,433.38.

### OPINION.

KORNER, *Chairman*: The facts here presented bring this case on all fours with those in *Estate of Charles I. Hudson*, 5 B. T. A. 711, and on the authority of the decision in that case we find that the respondent was in error here.

*Judgment will be entered for the petitioners.*